(No. 5223-)

RUEL R. HINDMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

MICHAEL F. RYAN, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

On March 22, 1965, claimant, Ruel R. Hindman, filed his complaint in this Court seeking recovery for loss of wages for the period of January 16, 1963 to June 30, 1963, during which time he alleges he was laid off and prevented from performing his duties as a Marketing Specialist for the Department of Agriculture.

A stipulation in lieu of evidence was entered into by and between claimant and respondent, by their respective attorneys, and is as follows:

"That claimant, Ruel R. Hindman, after taking and successfully passing the examination held by the Civil Service Commission of the State of Illinois, was on, to-wit, June 8, 1956, certified and appointed to the position of Marketing Specialist in the Devision of Markets of the Department of Agriculture of the State of Illinois.

"That claimant performed his duties in said position, and received the salary appropriated therefor and attached thereto until, to-wit, January 15, 1963, at which time he was laid off from his position by the then Director of the Department of Agriculture of the State of Illinois, the reason assigned for said lay-off being: 'Lack of requests by Fruit Industry and

Fruit Brokers for fruit and vegetable Marketing Specialist work, which is authorized under Public Law No. 733.'

"Thereafter, on, to-wit, July 23, 1963, claimant filed a complaint for mandamus against the agents of respondent, the Auditor of Public Accounts of the State of Illinois and the Treasurer of the State of Illinois; said complaint being filed in the Circuit Court of Cook County in cause entitled 'People of the State of Illinois, ex rel. Ruel R. Hindman, Plaintiff, vs. Robert K. Schneider, Director of the Department of Agriculture of the State of Illinois, Et Al, Defendants,' No. 63 C 12550; that in said complaint claimant asserted that his lay-off was illegal and requested his reinstatement, together with back salary.

"Thereafter, the defendants in said proceeding filed their answer to the said mandamus complaint, and on, to-wit, February 10, 1965, the Hon. Charles S. Dougherty, Judge of the Circuit Court of Cook County, entered a judgment order for the writ of mandamus; a true and correct copy of said judgment order being hereto attached, marked exhibit A, and by reference thereto incorporated herein; that in and by said judgment order the Circuit Court found that he had been illegally laid off from his position, and found that claimant was entitled to the payment of his salary for the period from January 16, 1963 to August 16, 1963 at the rate of $7,200.00 per annum.

"That by virtue of the lapsing of the biennial appropriation, expiring June 30, 1963, respondent is unable to pay the back salary due for the period from January 16, 1963 to and including June 30, 1963.

"That the judgment order, hereinabove referred to, was entered in full settlement of all controversies involved in said litigation, growing out of the lay-off of claimant, as aforesaid, and said judgment order is in full force and effect; has not been appealed from, and is in all respects final.

"That claimant, Ruel R. Hindman, by his counsel again represents that this claim has not previously been presented to any State Department or to any officer thereof; that claimant is the owner of said claim, and no assignment or transfer thereof has been made; that claimant is justly entitled to the amount herein claimed from the Department of Agriculture of the State of Illinois, after allowing all just credits; that claimant believes the facts stated in his complaint to be true; that this claim or any claims arising out of the occurrences set forth in the complaint have not previously been presented to any person, corporation or tribunal, other than the Department of Agriculture of the State of Illinois.

"That the amount due claimant from respondent for back salary covering the period from January 16, 1963 to August 16, 1963 is $4,200.00, and the amount claimed herein for the period from January 16, 1963 to June 30, 1963, being the period which has lapsed under the 1961-1963 biennial appropriation, is $3,300.00."

A Departmental Report, signed by R. M. Schneider, Director of the Department of Agriculture, has also been filed in this matter. It admits that claimant was employed

as a certified Marketing Specialist in the Department of Agriculture, Division of Markets, until January 16, 1963, at which time he was laid off. Further, it states that a judgment order for the writ of mandamus was entered by Hon. Charles S. Dougherty, but that due to the expiration of the biennium, the Department of Agriculture is unable to pay the salary of claimant for the period of January 16, 1963 to June 30, 1963.

There is no evidence to indicate that claimant failed to make a reasonable effort to mitigate his damages.

From the record in this case it would appear, and we are of the opinion that claimant is entitled to an award for his salary for the period of January 16, 1963 to June 30, 1963.

An award is, therefore, hereby made to claimant, Ruel R. Hindman, in the sum of $3,300.00.